# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## DERRICK SAWYERS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**Nos. 96-B-825, 96-A-360, 96-B-1044       J. Randall Wyatt, Jr., Judge**

---

**No. M2012-01785-CCA-R3-HC - Filed February 12, 2013**

---

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The Petitioner, Derrick Sawyers, filed a "Motion for Relief from Judgment Pursuant to T[enn.] R. Civ. P. Rule 60.02" in the Criminal Court for Davidson County, alleging that (1) his sentences were illegal and (2) the trial court violated his due process rights. The trial court treated the motion as a petition for writ of habeas corpus, it denied relief, and this appeal followed. This case meets the criteria for affirmance pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and JEFFREY S. BIVINS, JJ., joined.

Derrick Sawyers, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Amy Hunter, Assistant District Attorney General, for the appellee, State of Tennessee.

# MEMORANDUM OPINION[1]

## I. Procedural History

On September 27, 1996, the Petitioner pled guilty in the Criminal Court of Davidson County to second degree murder, possession of more than .5 grams of cocaine with intent to sell, and possession with intent to sell less than .5 grams of cocaine. The trial court sentenced the Petitioner to twenty-five years for the second degree murder conviction, a concurrent eight-year sentence for one of the cocaine convictions, and a consecutive three-year sentence for the other cocaine conviction, for an effective sentence of twenty-eight years. The Petitioner filed a post-conviction petition, alleging ineffective assistance of counsel and that he did not knowingly, intelligently, and voluntarily enter his guilty pleas, which the post-conviction court denied. On appeal this Court affirmed the post-conviction court's denial of relief. *See Derrick Sawyers v. State*, No. 01C01-9806-CR-00254, 1999 WL 298313 (Tenn. Crim. App., at Nashville, May 13, 1999), *perm. app. denied* (Tenn. Oct. 11, 1999).

The Petitioner filed a petition for writ of habeas corpus in September of 2004, to which the State responded with a motion to dismiss because the Petitioner had not met the procedural requirements of the habeas corpus statute. *Derrick Sawyers v. Kevin Myers, Warden*, No. M2004-03040-CCA-R3-HC, 2005 WL 941011 (Tenn. Crim. App., at Nashville, April 22, 2005) (memorandum op.). The habeas corpus court dismissed the petition without a hearing and this Court affirmed the dismissal on appeal. *Id.* The Petitioner filed a second petition for writ of habeas corpus, this time in the Wayne County Circuit Court, which the

---

[1] Rule 20 provides as follows:

The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

(1)(a) The judgment is rendered or the action is taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge, . . . and

(2) No error of law requiring a reversal of the judgment or action is apparent on the record. . . .

Tenn. Ct. Crim. App. R. 20.

2

habeas corpus court dismissed because "the [P]etitioner was not restrained of his liberty by reason of the challenged Davidson County convictions." *Derrick Sawyers v. State*, No. M2006-00607-CCA-R3-HC, 2007 WL 152230, at \*1 (Tenn. Crim. App., at Nashville, Jan. 16, 2007). On appeal from that dismissal, this Court remanded the case "for an apt inquiry and finding of fact" because "no factual support of the ruling [by the trial court] exist[ed] in the record." *Id.* at \*7. The habeas corpus court denied relief on remand, specifically finding that there was "no injustice to the [P]etitioner by reason of his plea agreement" and that the Petitioner did not receive an illegal sentence. *Derrick Sawyers v. State*, No. M2007-01598-CCA-R3-HC, 2008 WL 2901628, at \*5, 7 (Tenn. Crim. App., at Nashville, July 24, 2008), *perm. app. denied* (Tenn. Jan. 20, 2009). The Petitioner appealed, and this Court affirmed the habeas corpus court's decision. *Id.* at \*7.

On July 25, 2012, the Petitioner filed a "Motion for Relief from Judgment Pursuant to T[enn.] R. Civ. P. Rule 60.02" in the Criminal Court for Davidson County, claiming that his sentences were illegal and his due process rights were violated, making the judgments void. On August 10, 2012, the trial court (hereinafter referred to as the "habeas corpus court") entered a written order, first stating that, due to the nature of the motion, it treated the motion as a petition for writ of habeas corpus. The habeas corpus court, ultimately, denied relief to the Petitioner, stating that "the Petitioner [ ] failed to substantially comply with the statutory requirements in Tennessee Code Annotated section 29-21-107." The Petitioner filed a timely notice of appeal.

## II. Analysis

On appeal, the Petitioner argues that the habeas corpus court erred by denying his petition because (1) the trial court imposed illegal concurrent sentences and, due to his commission of the crimes while he was on bond, the sentences should have been consecutive; and (2) the trial court violated his due process rights by setting the release eligibility for his second degree murder conviction at 100%. The State moved this Court to affirm the habeas corpus court's judgment pursuant to Rule 20, Rules of the Court of Criminal Appeals because the Petitioner has "not 'scrupulously complied' with the statutory requirements" of a petition for writ of habeas corpus and, even on the merits, statutory restrictions preclude relief to the Petitioner. We agree with the State.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. §§ 29-21-101, -130 (2012). The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given *de novo* review with no presumption of correctness given to the findings and conclusions of the court below. *Smith v. Lewis*, 202

S.W.3d 124, 127 (Tenn. 2006) (citation omitted); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment or sentence is "one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83 (citations omitted); *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000).

The petitioner bears the burden of showing, by a preponderance of the evidence, that the conviction is void or that the prison term has expired. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Furthermore, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Archer*, 851 S.W.2d at 165. The formal requirements for a petition for a writ of habeas corpus are found at Tennessee Code Annotated section 29-21-107:

> (a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

> (b) The petition shall state:

> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

4

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

A habeas corpus court may dismiss a petition for habeas corpus relief that fails to comply with these procedural requirements. *Hickman v. State*, 153 S.W.3d 16, 21 (Tenn. 2004); *James M. Grant v. State*, No. M2006-01368-CCA-R3-HC, 2006 WL 2805208 (Tenn. Crim. App., at Nashville, Oct. 2, 2006), *no Tenn. R. App. P. 11 application filed*.

It is also permissible for a habeas corpus court to summarily dismiss a petition of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *See Passarella*, 891 S.W.2d at 627; *Rodney Buford v. State*, No. M1999-00487-CCA-R3-PC, 2000 WL 1131867, at *2 (Tenn. Crim. App., at Nashville, July 28, 2000), *perm. app. denied* (Tenn. Jan. 16, 2001).

In the present case, we conclude that the habeas corpus court appropriately dismissed the Petitioner's motion, which it addressed as a petition for writ of habeas corpus. As an initial matter, the Petitioner failed to comply with the mandatory statutory requirements we enumerated above. Although the Petitioner attached copies of the judgments, his petition is not verified by affidavit, the Petitioner failed to disclose his prior attempts to obtain habeas corpus relief, and he did not provide copies of his previous applications for the writ of habeas corpus. *See* T.C.A. § 29-21-107 (2012).

Moreover, the record in this case demonstrates that the Petitioner has previously filed at least two habeas corpus petitions, with one resulting in a decision on the merits of his claim that he received an illegal sentence. As a result, the "legality of the restraint" issue has been previously adjudicated, and this Court cannot reconsider the argument. *See id.* § 29-21-107(b)(3). Further, the Petitioner may not reargue the same claim for habeas corpus relief under the guise of a motion for civil relief.

Therefore, because the Petitioner has not "scrupulously complied" with the strict statutory requirements for a habeas corpus petition, we conclude the habeas corpus court properly dismissed both of the Petitioner's arguments, and we will not address the merits of his claims. *Archer*, 851 S.W.2d at 165. The Petitioner is not entitled to relief.

### III. Conclusion

Upon due consideration of the pleadings, the record, and the applicable law, this Court concludes that the Petitioner's petition was properly dismissed. Accordingly, the State's motion is granted. The judgment of the habeas corpus court is affirmed in accordance with Rule 20, Rule of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE